UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BARBARA HENDERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>JOSEPH A. BIEL, BOWMAN HEINTZ )<br>BOSCIA & VICIAN, P.C. and AMERICAN )<br>ACCEPTANCE COMPANY, LLC, )<br>)<br>Defendants. ) | 1:05-cv-1485-JDT-TAB |

**Entry on Cross Motions for Summary Judgment (Doc. Nos. 46 & 55)**[1]

Barbara Henderson defaulted on a loan which was ultimately assigned to American Acceptance Company, LLC who then hired attorney Joseph A. Biel of the law firm of Bowman, Heintz, Boscia & Vician ("BH") to collect the debt. To that end, Biel and BH filed a lawsuit against Ms. Henderson. As a result, Ms. Henderson filed this action, alleging that the summons in that suit violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* She claims that the summons misstated Indiana law by indicating that a defendant has twenty-three days from receipt of service to respond to the complaint. She also alleges that the Defendants misidentified the original creditor in the state court complaint. The parties have filed cross motions for summary judgment, which are ripe for ruling.

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

*Background*

In May 2005, American Acceptance Company, LLC ("AAC") purchased a debt from Metris Companies relating to a credit card account owed by Barbara Henderson. The account was turned over to BH for collection. Ultimately, on September 8, 2005, BH filed a lawsuit in the Hendricks Superior Court on behalf of AAC and against Ms. Henderson, relating to the collection of the credit card debt. Ms. Henderson was served with the summons and complaint. The summons contained the following language which Ms. Henderson claims violates the FDCPA:

> An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this summons was received by mail), or a judgment by default may be rendered against you . . . .

(Henderson Dep., Ex. B.) This language is similar to that used in the summons form provided by the Clerk of the Hendricks Superior Court. The Clerk's form states: "You must answer the complaint, in writing, . . . within twenty (20) days, (twenty three days if received by mail) commencing the day after you receive the complaint and summons, or judgment will be entered against you . . . ." (Stipulation, App. 2-3.) Numerous other summons forms issued by the clerks of state courts also indicate that the defendant must answer the complaint within twenty-three days commencing the day after receipt of the complaint and summons if received by mail. (*Id.* at 1-120.)

BH provides every attorney, paralegal, collector and employee with resources and training to ensure compliance with the FDCPA. The firm has a multi-step pre-suit

review process to avoid FDCPA violations. Specifically, BH has instituted systems and procedures that are reasonably adapted to avoid errors such as the ones complained of by Ms. Henderson in this case. BH has a procedure to utilize standard summons forms made available at the Clerk's offices of the various counties in Indiana to persons who file civil claims in the Indiana state courts. The firm uses language that is identical or similar to the language contained in the summons forms, including the Hendricks County Clerk's form, to avoid confusion and the chance that a consumer debtor could be misled by other language.

BH relies on information in the client's collection file which originates from the client as to the identity of the original creditor. BH has in place systems and procedures designed to avoid misnaming the original creditor in a collection suit. These include a multi-step pre-suit process where more than one employee is responsible for reviewing and re-reviewing a consumer debtor's file and the collection complaint forms that are generated in preparation for filing suit. BH did not intentionally misname the original creditor on the debt owed by Ms. Henderson, which debt was ultimately assigned to AAC for collection.

Ms. Henderson alleges that the Defendants violated the FDCPA because the summons issued to her in the state court litigation contains a false statement in asserting that a defendant served by mail has twenty-three days from receipt to respond. She contends, citing *Frye v. Bowman, Heintz, Boscia & Vician, P.C.*, 193 F. Supp. 2d 1070, 1078 (S.D. Ind. 2002), that under Indiana Trial Rules 5(B)(2), 6(C), and 6(E), if a pleading is served by mail, service of a responsive pleading is required to be

made within twenty-three days of the date of mailing of the prior pleading. She also alleges that Defendants violated the FDCPA because they misrepresented the name of the original creditor of her debt.

*Discussion*

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When deciding cross-motions for summary judgment, the court construes the facts and inferences in favor of the party against whom the motion under consideration is made. *In re United Air Lines, Inc.*, 453 F.3d 463, 468 (7th Cir. 2006).

This case presents several issues. The first is whether non-mutual offensive collateral estoppel should be applied. If not, then the court must decide whether there has been a violation of the FDCPA. If so, then it must be determined whether the Defendants are shielded by the bona fide error defense.

*Nonmutual Collateral Estoppel*

Ms. Henderson attempts to invoke nonmutual offensive collateral estoppel. Offensive collateral estoppel precludes a defendant from relitigating an issue it previously litigated and lost in another action against another plaintiff. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.4, 329 (1979). The court has broad discretion to

decide whether offensive collateral estoppel should be applied. *Id.* at 331. As a general rule where the application would be unfair to the defendant, the court should not apply the doctrine. *Id.* Whether the application is fair "depends upon a case by case analysis" and the court should recognize "the practical realities which surround the parties." *Butler v. Stover Bros. Trucking Co.*, 546 F.2d 544, 551 (7th Cir. 1977).

The use of nonmutual offensive collateral estoppel may be proper in a case involving the relitigation of facts previously resolved against the defendant, as in *Parklane Hosiery. See Chi. Truck Drivers, Helpers & Warehouse Union (Indep.) Pension Fund v. Century Motor Freight, Inc.*, 125 F.3d 526, 532 (7th Cir. 1997). But it "is less appropriate where a new plaintiff invokes the doctrine to preclude litigation over a purely legal question, at least where the question is of general interest and some complexity" and has not been decided by the highest appellate court. *Id.* The Seventh Circuit, quoting the Restatement (Second) of Judgments, § 29, has said:

> an issue is not precluded if it is "one of law and treating it as conclusively determined would inappropriately foreclose opportunities for obtaining reconsideration of the legal rule upon which it was based." If the court nevertheless chooses to apply collateral estoppel, it "is foreclosed from an opportunity to reconsider the applicable rule, and thus to perform its function of developing the law."

*Chi. Truck Drivers*, 125 F.3d at 531 (citations omitted).

It would be inappropriate to apply nonmutual offensive collateral estoppel here. Ms. Henderson seeks to preclude BH from litigating the question of whether its use of the form summons violates the FDCPA. The specific question at issue is purely a legal

5

one: whether the statement that "[a]n answer or other appropriate response in writing to the complaint must be filed . . . within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this summons was received by mail)," misstates the time within which a response is required under the Indiana Trial Rules. This is an issue of general interest. At least 49 of Indiana's 92 county clerk's offices provide a form of summons that states that the time for response runs at twenty-three days from receipt of the summons rather than the date of mailing. (*See* Stipulation, App. 1-120.)

In *Frye v. Bowman, Heintz, Boscia, Vician, P.C.*, 193 F. Supp. 2d 1070 (S.D. Ind. 2002), the plaintiffs alleged that the defendant violated the FDCPA by sending them a summons which misstated the time for filing their response to the complaint. While the *Frye* plaintiffs challenged several provisions of the summons, the one relevant to the instant case was as follows: "if you . . . received the SUMMONS and the COMPLAINT by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer". The plaintiffs argued that this misstated the time for a response under the Indiana Trial Rules which required a response be filed from the date of mailing. *Id.* at 1077-78. This court agreed, concluding that "under Trial Rules 6(C), 6(E) and 5(B)(2), when a pleading is served by mail, service of a responsive pleading is required to be made within 23 days of the date of mailing of the prior pleading." *Id.* at 1078. The court held that the summons misstated the time within which the plaintiffs were required to serve their answer and thus violated the FDCPA. *Frye* was not appealed.

The issue of when the twenty-three day period for filing a response begins to run has not been decided by the highest appellate court that could consider it. And the court is unaware of any other published decision – state or federal – addressing this issue. More importantly, this court's decision interpreting Indiana law, specifically the Trial Rules, does not bind Indiana state courts. *See Karlin v. Foust*, 198 F.3d 620, 623 (7th Cir. 1999) ("It is important to recognize that the panel's interpretation of the Wisconsin statute is nothing more than a federal court's guess at what the state law means; it is not binding on the Wisconsin courts.") (Wood, J., dissenting from denial of reh'g en banc); *Krohn v. N.Y. City Police Dep't*, 341 F.3d 177, 180 (2nd Cir. 2003) (stating federal courts should defer to state court interpretations of state laws); *Baker v. Health Mgmt. Sys., Inc.*, 298 F.3d 146, 149 (2nd Cir. 2002) ("the Supreme Court has long shown a strong preference that the controlling interpretation of the relevant statute be given by state, rather than federal, courts") (citation omitted). This court believes that it should reconsider *Frye* because it was based on an incorrect interpretation of Indiana law. To preclude BH from arguing otherwise would lead to an absurd result – the court then apply what it now believes to be an erroneous interpretation of the law.

*Summons Did Not Misstate the Law Regarding Time for Response*

The *Frye* decision turned on the court's interpretation of the Indiana Trial Rules. When that interpretation is informed by recent decisions of the Indiana courts and other authorities, the court concludes that under Indiana law when service of the summons and complaint is by mail, a responsive pleading is to be filed within twenty-three days of receipt of the pleading. In *McDillon v. Northern Indiana Public Service Co.*, 841 N.E.2d

7

1148 (Ind. 2006), the Indiana Supreme Court addressed the application of Indiana Trial Rule 6(E), which expressly extends by three days certain periods triggered by service of a notice or other paper on a party. The court considered whether Rule 6(E) applies to deadlines triggered by all court orders, including those triggered by entry of an order, or only those deadlines triggered by service of an order. *Id.* at 1151. *McDillon* held that Rule 6(E)'s three-day extension "applies only when a party has a right or is required to do some act within a prescribed period after the service of a notice or other paper." *Id.* at 1152. In reaching its conclusion, the court cited several cases that had explicitly limited the application of Trial Rule 6(E) to deadlines triggered by the receipt of service or notice, including *Annon II, Inc. v. Rill*, 597 N.E.2d 320, 324-25 (Ind. Ct. App. 1992). It noted approvingly of *Annon* which had indicated that Rule 6(E) applied to Trial Rule 6(C), the deadline for a responsive pleading. *McDillon*, 841 N.E.2d at 1151 (citing *Annon*, 597 N.E.2d at 324) ("responsive pleading required to be served within 20 days *after the service* of the prior pleading"). This understanding, the *McDillon* court said, was consistent with the holdings of several cases such as *Baker v. Sihsmann*, 315 N.E.2d 386 (1974), *reh'g denied*, in which "Rule 6(E) was applied to extend the twenty-day response period declared in a summons *to begin the day after receipt of the summons.*" *Id.* (citing 315 N.E.2d at 387) (emphasis added). *McDillon's* reasoning supports the conclusion that the period for a defendant's response to a complaint under Trial Rule 6(C) begins to run after receipt of the summons.

Other Indiana court of appeals decisions support the conclusion that the time for the defendant's response to a complaint served by mail is triggered by receipt of

8

process. In *Buck v. P.J.T.*, 394 N.E.2d 935 (Ind. Ct. App. 1979), a paternity action was brought on February 14, 1974. A warrant was issued, but then cancelled at the plaintiff's request on February 20, 1974. A summons was issued and served on the defendant by certified mail; the return receipt was dated February 22, 1974. *Id.* at 936. The statute governing paternity actions authorized the use of process or a warrant. *Id.* at 937. When no appearance was entered by March 18, a warrant was ordered issued. A default judgment was entered against the defendant who three years later moved to set aside the judgment. *Id.* at 396. The defendant argued the judgment should have been set aside because the existence of the warrant deprived him of due process. *Id.* at 937. In rejecting this argument, the court explained that the first warrant "was recalled when service by summons was attempted. During the twenty-three days *following delivery* of the summons no warrant was outstanding. That period, of course, equals the time permitted by TR 6(C) and (E)." *Buck*, 394 N.E.2d at 937 (emphasis added). March 18 was the first business day twenty-three days from February 22, the date on the return receipt. Thus, *Buck* supports the conclusion that the receipt of a complaint served by certified mail triggers the time for a defendant's response to a complaint. *See also Baker v. Sihsmann*, 315 N.E.2d at 387 ("Rule 6(E) was applied to extend the twenty-day response period declared in a summons *to begin the day after receipt of the summons.*"); *Ind. Alcoholic Beverage Comm'n v. W-W Assoc., Inc.*, 284 N.E.2d 534, 536 (Ind. Ct. App. 1972) (concluding that twenty day period in Trial Rule 6(C) commenced running on date attorney general received service of a copy of the complaint). *But see Claycomb v. Simpson*, 572 N.E.2d 546, 547 (Ind. Ct. App. 1991) (holding court properly denied untimely Rule 12(B)(3) motion and calculating twenty-

three day period for filing motion from date complaint was filed where service of complaint was by certified mail).

*Chalmers v. Market's Estate*, 397 N.E.2d 636 (Ind. Ct. App. 1979), is inapposite. That case addressed whether a complaint is *filed* when it is placed in the mail, certified mail, return receipt requested. The court rejected the argument that Trial Rule 5(E) (now Rule 5(F)) applied only to pleadings, papers and motions filed subsequent to the complaint. It reasoned that "papers" in Trial Rule 5(E) included pleadings, which includes the complaint. The court held that the complaint was filed when it was mailed. *Id.* at 637. Thus, *Chalmers* considered whether a complaint filed by registered or certified mail satisfies Trial Rule 5's *filing* requirements; it did not address whether such a complaint satisfies the Rule 5's *service* requirements.

It seems that Trial Rule 5(B)(2) which provides that "Service shall be deemed complete upon mailing" does not control the manner for serving the summons and original complaint. Trial Rule 5 is titled, "Service and Filing of Pleading and Other Papers." Although the complaint is a pleading, *see* T.R. 7(A)(1), Rule 5(A), which is titled, "Service: When Required," expressly exempts the original complaint from its service requirements. Ind. T.R. 5(A)(2) (requiring service of "every pleading subsequent to the original complaint"). Rule 5(B) is titled "Service: How Made." Reason suggests that 5(B)'s provisions regarding the manner of service are applicable only when service is required under 5(B). Because Rule 5(A), which provides when service is required, does not apply to original complaints, it is logical to conclude that Rule 5(B) does not apply to original complaints either.

This court's research has found no Indiana case on point. However, the Supreme Court of Idaho, when interpreting that state's civil procedural rules which are substantially the same as the Indiana Trial Rules at issue, reached this very conclusion. *Rudd v. Merritt*, 66 P.3d 230, 235-36 (Idaho 2003) ("Rule 5(b) [which states that "Service by mail is complete upon mailing."] does not specify the manner for serving the summons and original complaint in a civil action."). For authority, *Rudd* first cited Idaho Rule of Civil Procedure 5(a), which is titled, "Service and Filing of Pleadings and Other Papers–Service–When Required," and provides that "every pleading subsequent to the original complaint . . . shall be served upon each of the parties affected thereby"). *Id.* Second, the court cited Rule 4(d) of the civil procedural rules, which specifies the manner in which the summons and original complaint are to be served. Idaho's Rule of Civil Procedure 4(d) serves the same function as Indiana Trial Rules 4 through 4.17 – they govern the manner of service of process of the summons and original complaint. These Trial Rules allow for service upon an individual by registered or certified mail, *see* T.R. 4.11, but there is no rule regarding service on an individual by regular mail. Furthermore, none of the Trial Rules governing the manner of serving the summons and original complaint provides that service shall be deemed complete upon mailing. Instead, the rules require proof of receipt. *See* Ind. T.R. 4.1(A)(1) (allowing service on an individual by registered or certified mail by which "a written acknowledgment of receipt may be requested and obtained"); Ind. T.R. 4.3 (requiring official to indicate whether person has received the summons for service upon an imprisoned or institutionalized person); Ind. T.R. 4.10(A)(2)(c)-(d) (requiring person serving secretary of state or governmental agent to send to the clerk a copy of the return receipt and file a

copy of the receipt); Ind. T.R. 4.11 (when service is by registered or certified mail the clerk "shall show . . . a copy of the return receipt" and file the return along with the receipt); Ind. T.R. 4.15 (entitled "Summons: Proof of Service—Return—Amendments—Defects").

Federal decisions further inform the court's understanding that the Trial Rules require a responsive pleading be filed within twenty-three days of receipt of the summons and complaint. Indiana's Trial Rules are patterned after the Federal Rules of Civil Procedure. *Burger Man, Inc. v. Jordan Paper Prods., Inc.*, 352 N.E.2d 821, 827 (Ind. Ct. App. 1976). The Seventh Circuit has concluded that service is complete upon receipt of process. In *Adatsi v. Mathur*, 934 F.2d 910 (7th Cir. 1991), the plaintiff argued that his motion for judgment on the pleadings should have been granted because the defendants failed to serve their answer within twenty days, as required by Fed. R. Civ. P. 12(a). The plaintiff served the defendants under Fed. R. Civ. P. 4(c)(2)(C)(ii) by mailing to each of them copies of the complaint and summons and two copies of a notice and an acknowledgment form. The answer was filed more than twenty days after the defendants received the complaint and other papers, but less than twenty days after they had executed the acknowledgment form. *Id.* at 911. The court addressed whether the twenty-day period runs from the receipt of the documents or from the execution of the form. It began by stating that "the period runs from the date that service is complete" and concluded that service is complete "not until the defendant acknowledges their receipt by executing the form". *Adatsi*, 934 F.2d at 911. Thus, the court held that service by mail was complete and the twenty-day period for serving a

response began to run on the date the defendant signs the acknowledgment form. *Id.* at 911-12.

Other federal decisions likewise have concluded that Fed. R. Civ. P. 12(a)(1)(A) affords defendants twenty days after the date of receipt of service of the summons and complaint by mail within which to serve an answer. *See, e.g.*, *Woodson v. Rogers Foodland*, No. Civ.A. 5:04-0991, 2006 WL 304652, at *2 (S.D. W.Va. Jan. 6, 2006) ("service of process was effected on Defendant . . . on November 18, 2004, by Plaintiff through certified mail. . . . Pursuant to Rule 12(a)(1)(A), Defendant . . . had twenty days from November 18, 2004 . . . to file its Answer or other response . . . ."); *S.E.C. v. Breed*, No. 01Civ.7798(CSH), 2004 WL 1824358, at *8 (S.D.N.Y. Aug. 13, 2004) ("Breed was served with the First Amended Complaint . . . on January 15, 2003, and signed for his package on the next day, January 16, 2003. Fed. R. Civ. P. 12(a)(1)(A) states that a defendant shall serve an answer within 20 days of being served with the summons and complaint. This gave Breed until February 5th to answer."). The Federal Rules of Civil Procedure, like the Indiana Trial Rules, provide that "Service by mail is complete on mailing." Fed. R. Civ. P. 5(b)(2)(B). Federal Rule of Civil Procedure 5, similar to Indiana Trial Rule 5 is titled, "Serving and Filing of Pleadings and Other Papers." Federal Rule 4 provides for the manner of service of the summons and complaint and, like the Trial Rules, requires proof of service, unless service is waived. Fed. R. Civ. P. 4(*l*). As stated by Wright & Miller, "Federal Rule of Civil Procedure dictates the manner in which parties . . . shall be served with all papers and pleadings subsequent to the service of the summon[s] and the original complaint and directs the

filing of those papers; service of the summons and the original complaint is governed by Rule 4." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1141 (3d ed. 2002).

The court is persuaded that its conclusion in *Frye* that the summons contained a misstatement as to the time period within which the defendants were to serve their response was based on an erroneous interpretation of the Indiana Trial Rules. The better and more tenable view of the Trial Rules is that Rule 5(B)(2), which deems service complete upon mailing, is inapplicable to service of the summons and original complaint. And under Indiana law, when service of the summons and complaint is by mail, a responsive pleading is due to be filed within twenty-three days of receipt of the pleading. Thus, the period for a defendant's response begins to run the day after receipt of the summons and complaint. The court therefore finds that the challenged language in BH's summons to Ms. Henderson correctly stated Indiana procedure, and is neither false nor misleading. Accordingly, the court concludes that the Defendants did not violate any provision of the FDCPA on the basis of the challenged language in the summons. They are entitled to summary judgment on this claim against them.

*Bona Fide Error Defense*

And even if the court is wrong now and was right in *Frye*, the Defendants are entitled to the bona fide error defense. The defense shields a debt collector from liability if it shows by a preponderance of the evidence that the FDCPA violation (1) was not intentional and (2) resulted from a bona fide error, and (3) it maintained procedures

reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c); *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 536-37 (7th Cir. 2005). In *Kort* the plaintiff alleged that the defendant violated the FDCPA by mailing her a false and misleading garnishment notice relating to a student loan debt. The text of the notice was taken from a form issued by the Department of Education ("DOE"), the agency that regulates the federal law under which the student loans were issued. The district court concluded that even if the notice violated the FDCPA, the defendants were entitled to the bona fide error defense given their reliance on the DOE form and granted them summary judgment. *Id.* at 532, 535. The Seventh Circuit assumed that the defendants' notice contained an error and presumed the error caused the defendants' to violate the FDCPA. *Id.* at 536. Regarding the first element of the bona fide error defense, the court explained that the debt collector must show that the FDCPA violation, rather than its action, was unintentional. *Kort*, 394 F.3d at 537. The court concluded that the debt collector did not intentionally violate the FDCPA because it followed the DOE form:

> [T]racking the DOE form word for word satisfactorily shows that DCS did not intend for its notice . . . to be false or unfair. Indeed, DCS's adherence to the DOE form shows that DCS intended to provide accurate information taken from the relevant regulatory agency.

*Id.* (footnote omitted).

Here, the Defendants' decision to follow language in a form provided by the clerks of Indiana state courts, even when inconsistent with one federal district judge's decision, removes any possibility that they intentionally violated the FDCPA. *Frye* should not be considered clear legal authority for the proposition that the summons

language falsely represented the Trial Rules and thus violated the FDCPA. This court does not make Indiana law. While this court may be in a better position than a state trial court when it comes to interpreting *federal* law such as the FDCPA, it is in no better position when it comes to interpreting *Indiana* law such as the Indiana Trial Rules. Although a state court clerk's provision of a form summons may not be considered "binding authority" that such form is legally proper, reliance on such a form supports the conclusion that any alleged FDCPA violation was unintentional. The Defendants' reliance on the form supports the conclusion that they intended to provide accurate information taken from the form summons and intended to comply with Indiana law. *See Kort*, 394 F.3d at 537.

Even if the Defendants violated the FDCPA, any violation resulted from a bona fide error. The claimed violation resulted from the use of allegedly false language regarding the time for the defendant's response to the complaint and summons. The record establishes that BH's alleged mistake about the time for responding was a good faith error made in reliance on the interpretation of Indiana law of the Hendricks County Superior Court Clerk and that of numerous other clerks of Indiana courts. Though the challenged language in the summons sent Ms. Henderson did not track the clerk's form summons verbatim, the substance is the same. Thus, the language of the summons sent Ms. Henderson is sufficiently similar to that of the clerk's form summons such that any error by BH was a good faith error. *See Kort*, 394 F.3d at 537-38 (concluding any FDCPA violation resulted from a good faith error where the challenged language was adopted from an agency form). And even if the clerk's form summons takes an

incorrect legal position and the conclusion in *Frye* is correct, the clerk's position is reasonable in light of the case law, and any alleged error by the Defendants was made in good faith.

Finally, BH has procedures reasonably adapted to avoid errors such as that Ms. Henderson claims it made with respect to the running of the twenty-three day period for a response. In *Kort*, the Seventh Circuit concluded that the adoption of the legal interpretation of the federal agency charged with regulating the statute in question was an "entirely reasonable procedure to avoid misinterpreting and misapplying a federal statute. . . ." *Id.* at 538. BH has offered evidence that it has procedures to utilize language identical or similar to that in the standard forms issued by the clerks of various counties in Indiana. As the Defendant argue, "Bowman Heintz, and all other debt collectors, should feel secure that the use of standard Clerks office summons forms is a procedure reasonably adapted to avoid errors in confusing or misleading consumer debtors that are sued on consumer debts in the State of Indiana." (Defs.' Br. Supp. Mot. Summ. J. 20.) The Defendants' adoption of the clerks' interpretation of the time period within which a defendant must respond to a summons and complaint is an entirely reasonable procedure to avoid misinterpreting the law.

Ms. Henderson believes that BH cannot avail itself of the bona fide error defense. But her position is based solely on *Frye* and the Defendants' failure to follow it. Having reconsidered the matter, the court finds that the Defendants' interpretation of the Trial Rules is legally tenable, whereas, the Plaintiff's and *Frye's* is an incorrect view of Indiana law. Therefore, regarding the claim that the Defendants violated the FDCPA

because the summons falsely asserted that a defendant served by mail has twenty-three days from receipt to respond, the Defendants have shown by a preponderance of the evidence that they would be entitled to the bona fide error defense as a matter of law.

As for Ms. Henderson's claim that the Defendants misrepresented the name of the original creditor, she wholly fails to address the bona fide error defense. The Defendants' evidence that any alleged error was unintentional and is unrefuted by any admissible evidence from the Plaintiff.[2] The record establishes that the Defendants are entitled to the bona fide error defense as to this claim as well.

*Conclusion*

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment (Doc. No. 46) is **DENIED** and the Defendants' Motion for Summary Judgment (Doc. No. 55) will be **GRANTED**. A judgment consistent with this entry will be entered.

ALL OF WHICH IS ENTERED this 7th day of August 2007.

John Daniel Tinder, Judge
United States District Court

---

[2] Her reliance on allegations in the pleadings is not enough to defeat a properly supported summary judgment motion. *See Paul v. Theda Med. Ctr., Inc.*, 465 F.3d 790, 793 (7th Cir. 2006) (a nonmoving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial") (citing Fed. R. Civ. P. 56(e)). Nor does the illegible credit card agreement create a genuine issue.

Copies to:

Jeffrey Kevin Eicher
jeffeicher@aol.com

Jason L. Full
HOOVER HULL LP
jfulk@hooverhull.com

G. Ronald Heath
HOOVER HULL LP
grheath@hooverhull.com

Alice McKenzie Morical
HOOVER HULL LP
amorical@hooverhull.com

Glenn S. Vician
BOWMAN, HEINTZ, BOSCIA & VICIAN
bhbv2@netnitco.net